UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **GARY BERGER,** | § § § § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 4:21-cv-221** |
| *vs.* | § § § § | |
| | § | **JURY TRIAL REQUESTED** |
| **TESLA, INC.,** | § § § § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**GARY BERGER**, Plaintiff, complains of **TESLA, INC.,** Defendant, and files this his Original Complaint.

### I.  Parties

1.  Plaintiff, **GARY BERGER**, is an individual of the lawful age of majority and citizen of the State of Texas.

2.  Defendant, **TESLA, INC.**, hereinafter "Tesla," is headquartered in California. Tesla conducts business in this District and is responsible for the manufacture, distribution, and sale of all Tesla vehicles in the United States, as well as engineering, design, development, research and development, and manufacturing activities in the U.S.  Tesla may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. Jurisdiction

3. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law. This Court has jurisdiction over the lawsuit because Plaintiff and Defendant are citizens of different states and because the matter in controversy exceeds $75,000 pursuant to 28 USC §1332 (a). Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District, as the Vehicle was purchased in this District and Plaintiff resides in this District.

## IV. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

## V. Facts
### A. The Transaction

6. On or about December 27, 2017, Plaintiff purchased a new 2017 Tesla Model X, VIN: 5YJXCDE2XHF077818 (hereinafter referred to as the "Vehicle") from Tesla in Plano, Texas. The Vehicle was purchased primarily for Plaintiff's personal use. At the time of purchase, Plaintiff was, and still is, a citizen of the State of Texas. At all times during the transaction the dealership personnel held themselves out to be acting on behalf of Defendant Tesla. The vehicle was sold with a 4 year/50,000 mile Tesla factory warranty, with an 8 year/unlimited mile power train warranty.

7. The sales price of the Vehicle was $96,300.00, excluding finance charges.

### B. Implied Warranty of Merchantability

8. Defendant impliedly warranted that Plaintiff's Vehicle, which Defendant designed, manufactured, and sold, was merchantable, that is, fit for ordinary purposes, including providing reliable and safe transportation.

9. Unfortunately, the vehicle was of substandard quality and contained numerous latent defects at the time of purchase, that resulted in over 15 repair visits to attempt to repair the excessive number of defects. Because of these numerous defects, Plaintiff's Vehicle is not fit for its ordinary and intended purpose of providing reliable and safe transportation, and has caused economic loss to Plaintiff. Therefore, Defendant breached the implied warranty of merchantability.

### C. Express Warranties

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the Vehicle occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair attempts performed on the Vehicle had, in fact, repaired the defects.

11. Plaintiff's purchase of the Vehicle was accompanied by express warranties offered by Defendant Tesla and extending to Plaintiff stating that Defendant would repair or replace any defective parts during the applicable warranty periods. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the Vehicle.

12. The Basic Vehicle Limited Warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required

adjustments would also be made during the applicable coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the Tesla's warranty booklet and owner's manual. When a defect was discovered, Plaintiff notified Tesla and requested that Tesla fulfill its warranty obligations by fixing the defects. However, Tesla's express warranty was breached and failed in its essential purpose because Tesla was unable to fix the vehicle in a reasonable amount of time or repair attempts. Defendant Tesla breached its express warranties by not repairing the vehicle's defects, or by not repairing them within a reasonable time.

13. In breach of the foregoing warranties, Defendant has failed to correct said defects in a reasonable time and manner, and has caused economic loss to Plaintiff.

### D. Actionable Conduct

14. In fact, when delivered, the Vehicle was defective in materials and workmanship, such defects being discovered within the warranty period. After the Vehicle was purchased, Plaintiff discovered a number of defects, including, but not limited to:

      a.      Electrical system;

      b.      Falcon door;

      c.      Rear hatch;

      d.      Parking Assist system;

      e.      HVAC system;

      f.      Suspension;

      g.      Voice Command system.

      g.      Trim items.

15. Since purchase, Plaintiff has presented the Vehicle for repair under Defendant's warranty at least 15 times, and the Vehicle has spent approximately 75 days in the shop for repairs under Defendant's warranty. Despite the excessive number of repair attempts Defendant was given to repair the Vehicle, many of the Vehicle's manufacturing defects were not repaired or required an excessive number of attempts to resolve. Despite numerous repair attempts, defects remain unrepaired that impair the safe and intended use of the Vehicle. Defendant failed to repair the Vehicle so as to bring it into conformity with the warranties set forth herein. The shocking repair history of this Vehicle is as follows:

| **Issue Count** | **# of Repair Attempt** | **Date** | **Invoice #** | **Issue/Defect** | **Repair Attempt** |
|---|---|---|---|---|---|
| 1 | 1 | 3/1/2018 | RONC9100069857 | Left sun visor is loose and rattles | Ordered and replaced visor |
| 2 | 1 | 3/1/2018 | RONC9100069857 | Right sun visor is loose and rattles | Ordered and replaced visor |
| 3 | 1 | 3/1/2018 | RONC9100069857 | Right tail light water condensation | Ordered and replaced new tail light |
| 4 | 1 | 3/1/2018 | RONC9100069857 | Left front wheel molding is loose | Ordered and replaced new molding |
| 5 | 2 | 5/10/2018 | RONC9100076391 | Front trunk will not open | Replaced front trunk actuator assembly |
| 6 | 2 | 5/10/2018 | RONC9100076391 | Left sun visor is loose and rattles (2nd time) | Ordered and replaced visor 2nd time |
| 7 | 2 | 5/10/2018 | RONC9100076391 | Right sun visor is loose and rattles (2nd time) | Ordered and replaced visor 2nd time |
| 8 | 2 | 5/10/2018 | RONC9100076391 | Paint and finish issues noted during delivery | Completed body work |
| 9 | 2 | 5/10/2018 | RONC9100076391 | Passenger window shakes went rolling up | Ordered and replaced outer seal |
| 10 | 3 | 6/12/2018 | RONC9100076969 | AC is not blowing cold air | Recharged and evacuated AC unit and battery chiller |
| 11 | 4 | 6/26/2018 | RONC9100080754 | Voice command button not working | Replaced steering wheel switch |
| 12 | 5 | 6/26/2018 | RONC9100079990 | Left sun visor is loose and rattles (3nd time) | Application of krytox to reduce noise and placed order for new generation visor |

| | | | | | |
|---|---|---|---|---|---|
| 13 | 5 | 6/26/2018 | RONC9100079990 | Right sun visor is loose and rattles (3nd time) | Application of krytox to reduce noice and placed order for new generation visor |
| 14 | 5 | 6/26/2018 | RONC9100079990 | Missing side trunk tie down | Replaced trunk tie down |
| 15 | 6 | 7/19/2018 | RONC9100084482 | Driver door does not open | Replaced faulty door actuator |
| 16 | 6 | 7/19/2018 | RONC9100084482 | Front passenger sensor detects false object | Front sensors replaced |
| 17 | 7 | 10/16/2018 | RONC9100100120 | Wipers go off side of car and damaged paint | Modified wiper settings and repaired paint |
| 18 | 8 | 12/12/2018 | RONC9100102536 | Driver side front fender garnish is detached | Replaced front fender garnish |
| 19 | 8 | 12/12/2018 | RONC9100102536 | Driver side falcon wing door garnish is detached | Replaced falcon wing door cladding |
| 20 | 8 | 12/12/2018 | RONC9100102536 | Voice command completely inoperable (2nd time) | Replaced steering wheel switch (2nd time) |
| 21 | 8 | 12/12/2018 | RONC9100102536 | Wipers go off side of car and damaged paint (2nd time) | Adjusted wiper arm movement and completed body work |
| 22 | 8 | 12/12/2018 | RONC9100102536 | Bluetooth microphone intermittently would fail | Could not repeat issue in shop |
| 23 | 9 | 12/24/2018 | RONC9100112129 | Wipers go off side of car (3rd time) | Replaced windshield wiper check valve with inline coupler |
| 24 | 9 | 12/24/2018 | RONC9100112129 | Front door does not open (2nd time) | Replaced faulty door actuator |
| 25 | 9 | 12/24/2018 | RONC9100112129 | Voice command button does not work (3rd time) | Replaced steering wheel button (3rd time) |
| 26 | 10 | 3/25/2019 | RONC9100112441 | Left sun visor is loose and rattles (4th time) | Replaced sun visor with new generation design |
| 27 | 10 | 3/25/2019 | RONC9100112441 | Right sun visor is loose and rattles (4th time) | Replaced sun visor with new generation design |
| 28 | 10 | 3/28/2019 | RONC9100128156 | Both falcon wing doors and trunk opened into garage door damaging doors | Replaced sensors, wiring, installed new firmware, replaced untrasonci sensor |
| 29 | 11 | 4/8/2019 | RONC9100130480 | Body damage from falcon wing and trunk issue | Completed body work |
| 30 | 12 | 9/10/2019 | 3000S0000350882 | AC is not blowing cold air (2nd time) | Replaced AC fan module |

| 31 | 12 | 9/10/2019 | 3000S0000350882 | Falcon wing doors and truck opens only a few inches and sees false objects | Replaced roof spine and sensor |
| 32 | 12 | 9/10/2019 | 3000S0000350882 | Loose trim near rear hatch striker plate | Adjustment and re-alignment |
| 33 | 12 | 9/10/2019 | 3000S0000350882 | Rear bumper is popped out of alignment on drivers side | Re-alignment and secured rear bumper (partial fix) |
| 34 | 13 | 9/13/2019 | 3000S0000362430 | Falcon wing doors and truck opens only a few inches and sees false objects (2nd time) | Auxiliary battery replaced |
| 35 | 14 | 3/15/2020 | 3000S0000892768 | Front strut makes noise at low speeds | Diagnose issue |
| 36 | 15 | 5/11/2020 | 3000S0001010102 | Front strut makes noise at low speeds | Replace passenger side upper control arm |
| 37 | 15 | 5/11/2020 | 3000S0001010102 | Detached trim on left end of right side door | Replaced trim |
| 38 | 15 | 5/11/2020 | 3000S0001010102 | Right rear door cladding is detached | Reattached cladding |
| 39 | 15 | 5/11/2020 | 3000S0001010102 | Front body harness trim is loose | Reroute main front body harness |

16. The defects experienced by Plaintiff with the Vehicle substantially impaired its use, value, and safety. Despite Plaintiff's repeated efforts to allow Defendant the opportunity to repair the Vehicle, nonconforming and defective conditions were never properly and adequately repaired.

17. Plaintiff directly notified Defendant of the defective conditions of the Vehicle on numerous occasions.

## VI. Causes of Action

### Count 1: Violations of the Texas Deceptive Trade Practices Act

18. Plaintiff realleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

19. Plaintiff is a "consumer" as defined in the DTPA.

20. Defendant violated the following provisions of the DTPA:

  a.  §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(20), and §17.46(b)(22) of the DTPA that were detrimentally relied upon by Plaintiff;

  b.  §17.50(2): breach of express warranty, as defined in §2.313 of the Texas Business and Commerce Code;

  c.  §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 354 (Tex. 1987);

  d.  §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

  e.  §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

21. Because of the inherent defects in the Vehicle, which existed at the time the Vehicle was sold, although not discovered until later, the Vehicle was not merchantable in that it would not pass without objection in the trade under the contract description and it was not fit for the ordinary purpose for which such products are used. Furthermore, Defendant failed to perform the repair work in a good and workmanlike manner. This conduct by Defendant constitutes a breach of the implied warranties described above, which breach is actionable under DTPA §17.50(a)(2).

22. When the Vehicle was not repaired, the express warranties that it would be and had been repaired were breached in violation of the DTPA. Defendant Tesla's breach of the express warranties is actionable under DTPA § 17.50(a)(2).

23. Defendant's statements that the Vehicle's defects would be and had been repaired when they in fact were not misrepresented the characteristics, uses, benefits, standard and quality of Defendant's services. For this reason, these representations were false, misleading and deceptive

as defined in DTPA § 17.46(b)(5), (7), (9), (12), (20), and (22); and this conduct is actionable under DTPA § 17.50(a)(1).

24. Defendants took advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree. For this reason, this transaction was unconscionable and is actionable under DTPA § 17.50(a)(3).

25. Plaintiff contends that Tesla failed to correct the defects within a reasonable time, and therefore the warranty failed of its essential purpose and deprived Plaintiff of the substantial value of the bargain. As a result, any purported limited remedies are ineffective.

26. Plaintiff further contends that Defendant's violations of the DTPA were committed knowingly as that term is defined in §17.45(9) of the DTPA, entitling Plaintiff to seek additional damages up to three time the amount of his actual damages in accordance with the DTPA.

27. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

28. The limited remedy in Defendant's warranty failed of its essential purpose and deprived Plaintiff of the substantial value of the bargain because Defendant or its authorized dealerships did not correct the defects within a reasonable time. TEX. BUS. AND COM. CODE § 2.719. Therefore, any purported limitation of remedies is ineffective, and all consequential damages are recoverable.

29. The exclusion of consequential and incidental damages is unconscionable and therefore unenforceable.

30. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

31. As a direct and proximate result of Defendant's willful violation of their obligations under the DTPA, Plaintiff has suffered actual, consequential and incidental damages, including but not limited to diminution in value of the Vehicle, out of pocket expenses, and loss of use.

### Count 2: Violation of the Magnuson-Moss Warranty Act

32. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

34. Defendant Tesla is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2301(4) and (5).

35. The Vehicle is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

36. The express warranty pertaining to the Vehicle is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

37. The actions of Defendant, in failing to repair or replace the covered defective parts during the applicable warranty period within a reasonable time or a reasonable number of repair attempts constitute a breach of the written and implied warranties covering the Vehicle and hence a violation of the Magnuson-Moss Warranty Act.

38. Plaintiff has performed all things agreed to and required of him under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

39. As a direct and proximate result of the acts and omissions of Defendant as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of $75,000.00.

### Count 3:  Breach of Express Warranties under the Texas UCC

40. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

41. Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that the Vehicle was free from an inherent risk of failure or latent defects. In addition, Defendant Tesla issued to Plaintiff an express written warranty that covered the Vehicle and warranted that the Vehicle's covered defective parts would be repaired or replaced during the applicable warranty period within a reasonable time or a reasonable number of repair attempts. At purchase, Plaintiff relied on Defendant's affirmations and express warranties and it became a basis of the bargain.

42. As alleged above, Defendant breached its warranties by failing to repair or replace the Vehicle's covered defective parts within a reasonable time or a reasonable number of repair attempts during the warranty period.

43. In breach of the foregoing warranties, Defendant has failed to correct said defects or failed to correct them within a reasonable time under §2.313 of the Texas Business and Commerce Code.

44. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions or omissions in this matter that include, but are not limited to, diminution in value of the Vehicle, out of pocket expenses, and loss of use.

**Count 4:    Breach of Implied Warranty of Merchantability under the Texas UCC**

45.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

46.    Defendant Tesla impliedly warranted that the Vehicle, which it designed and manufactured, was merchantable and fit for its ordinary purpose under §2.314 of the Texas Business and Commerce Code.  The facts stated above demonstrate that the Vehicle manufactured and sold by Tesla was unfit for its ordinary purpose. Plaintiff notified Tesla of the breach and suffered damages as a result of the breach, including loss of use and diminished value of the Vehicle.

47.    Because of the sheer number of defects in the Vehicle, and Defendant's failure to repair or replace the covered defective parts during the applicable warranty period, the Vehicle is unfit for its ordinary purpose which has caused economic loss to Plaintiff.  Therefore, Defendant breached the implied warranty of merchantability.

48.    The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the Vehicle, out of pocket expenses, cost of repair, loss of use, and attorney's fees.

**Count 6:    Breach of the Implied Warranty to Perform Repair Work in a Good and Workmanlike Manner under Texas Law**

52.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

53.    On numerous occasions between December 27, 2017 and May 8, 2020, Plaintiff delivered the Vehicle to Defendant Tesla and/or its agents authorized to perform repairs under Defendant Tesla's warranty and receive payment for such service, for repair or replacement of the covered defective parts under the applicable express and implied warranties.

54. On each occasion that Plaintiff presented the Vehicle for repair, Plaintiff is informed and believes, and thereupon alleges, that Defendant Tesla attempted repairs of the Vehicle pursuant to its obligations under the express and implied warranties. Defendant owed a duty of care to Plaintiff to perform repairs on the Vehicle in a good and workmanlike manner within a reasonable time, and Defendant breached this duty.

55. Defendant's attempted repairs of the Vehicle were done so negligently, carelessly, or recklessly that they substantially impaired the Vehicle's use, value, and safety in its operation and use. The repair attempts did not fully and completely fix the defect, nor were many of the conditions of which Plaintiff complained of fixed or significantly improved by Defendant's attempts at repair. Nonetheless, each time Plaintiff picked up the Vehicle after Defendant's repair attempts, Defendant represented to Plaintiff that the repairs were complete and the Vehicle's defects were resolved, and Plaintiff relied thereon, only to later discover the defects had not been remedied in most cases.

56. As a direct and proximate result of Defendant's negligent, careless, or reckless failure to repair the Vehicle within a reasonable time or within a reasonable number of attempts, Plaintiff was forced to utilize a defective Vehicle in conducting his daily activities. As a further direct and proximate result of Defendant's failure to repair the Vehicle in a timely and workmanlike fashion, Plaintiff was forced to repeatedly take the Vehicle in for additional repair attempts at great inconvenience to himself, and Plaintiff sustained actual damages.

57. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the Vehicle, out of pocket expenses, cost of repair, loss of use, and attorney's fees.

### VII. Economic and Actual Damages

58. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

    a. Loss of use;

    b. Diminished or reduced market value;

    c. Cost of Repair;

    d. Out of pocket expenses; and

    e. Attorney's fees.

### VIII. Additional Damages

59. Plaintiff further contends that Defendant's violations of the DTPA were committed knowingly as those terms are defined in §17.45(9) of the DTPA. "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

60. Because the conduct of Defendant was done knowingly, as defined in 17.45(9) of the Texas Business and Commerce Code, Plaintiff is entitled to additional damages for a knowing violation of the DTPA pursuant to §17.50(b)(1), in an appropriate amount to be determined by the jury.

### IX. Prayer

61. For these reasons, Plaintiff prays for judgment against Defendant for:

    a.    Diminution in value of the Vehicle, at the time of purchase, attributable to the substantial defects and excessive repairs and downtime (the difference at the time and place of acceptance between the value of the vehicle as accepted and the value it would have had if it had been as warranted or represented);

    b.    Damages for loss of use of the Vehicle;

    c.    Out of pocket damages;

    d.    Additional damages under the DTPA as found by the trier of fact;

    e.    Costs of suit;

    f.    Attorney's fees through trial and appeal;

    g.    Prejudgment and post-judgment interest; and

    h.    All other relief this Honorable Court deems appropriate.

## X. Demand for Jury Trial

62.    Plaintiff hereby demands trial by jury to the extent authorized by law.

**RESPECTFULLY SUBMITTED:**

By: _____
Craig M. Patrick
State Bar No. 00792743
PATRICK LAW FIRM, P.C.
6244 E. Lovers Lane
Dallas, Texas 75214
Phone: (214) 390-3343
Fax: (469) 914-6565
craig@patricklaw.com

**ATTORNEY FOR PLAINTIFF**
**GARY BERGER**